UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DARIAN SHAYNE DANIEL,<br><br>Plaintiff,<br><br>v.<br><br>CORIZON HEALTH, INC., a foreign corporation; JANET MITCHELL, PA, an employee of Corizon; JOHN DOES 1 through 14 (Unnamed Correction Officers); and JOHN DOES 15 through 20 (Unnamed Corizon Medical Providers),<br><br>Defendants. | Case No. 1:17-cv-00409-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Darian Daniel's Motion to Amend/Correct Complaint. Dkt. 25. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons outlined below, the Court finds good cause to GRANT the Motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that, once a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a party files a motion to amend after the Court's case management deadline to amend has passed—as is the case here—district courts in the Ninth Circuit apply Federal Rule of Civil Procedure 16(b), followed by a Rule 15(a) analysis. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16(b), the movant must demonstrate good cause to amend. *Id.* at 609.

## III. ANALYSIS

In this case, the deadline to amend pleadings or join parties was April 4, 2018, 2018. Dkt. 20. Because Daniel filed this Motion after the deadline, the Court must utilize the higher "good cause" standard of Rule 16 to determine if Daniel can amend. Lengthy analysis is unnecessary, however, as the parties are essentially in agreement on this Motion.

First, none of the named Defendants filed opposition to the pending Motion.[1] Second, it appears all parties knew these amendments would be necessary from the outset of this lawsuit. Daniel originally filed this case with named "John Doe" defendants

---

[1] Under Idaho Local Rules, if a party elects not to file a response to a moving party's Motion, "such . . . may be deemed to constitute a consent to the . . . granting of said motion." Dist. Idaho Loc. Civ. R. 7.1(e)(1).

because he did not know the identities of many of the defendants. He requested information from the Idaho Department of Corrections ("IDOC"). IDOC has provided Daniel with all necessary information and Daniel's Amended Complaint now identifies each defendant associated with IDOC and the events at issue in this case.

The Court finds that Daniel has met the good cause standard outlined in Rule 16 and will GRANT the Motion.

## IV. ORDER

**IT IS ORDERED:**

1. Daniel's Motion to Amend (Dkt. 25) is **GRANTED.**

2. Daniel shall have 7 days to file his Amended Complaint as outlined in Docket 25.

DATED: September 21, 2018

David C. Nye
U.S. District Court Judge